Filed 3/19/26  P. v. Kinsey CA4/3

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>JONATHAN RUSSELL KINSEY,<br><br>    Defendant and Appellant. | G063871<br><br>(Super. Ct. No. 94WF2460)<br><br>O P I N I O N |

Appeal from a postjudgment order of the Superior Court of Orange County, Michael J. Cassidy, Judge. Affirmed.

Joanna McKim, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters and Charles C. Ragland, Assistant Attorneys General, Arlene A. Sevidal and Andrew Mestman, Deputy Attorneys General, for Plaintiff and Respondent.

\*        \*        \*

Defendant Jonathan Russell Kinsey pleaded guilty to one count of second degree murder (Pen. Code, § 187, subd. (a); count 1),[1] one count of attempted premeditated murder (§§ 664, 187, subd. (a); count 2), and one count of assault with a firearm (§ 245, subd. (a)(2); count 3). On all counts, defendant admitted he personally used a firearm. (§ 12022.5, subd. (a)) and further admitted an allegation that he committed the offenses "because of the victim's race, color, nationality or ancestry" (§ 422.75, subd. (b)). On counts 2 and 3, defendant admitted he personally inflicted great bodily injury (§ 12022.7).[2]

The court sentenced defendant to state prison as follows: (1) 15 years to life on count 1; (2) a concurrent term of life with the possibility of parole on count 2; and (3) a concurrent three-year term on count 3. The court also imposed consecutive terms of four years for the firearm enhancements on all counts (§ 12022.5, subd.(a)) and stayed the remaining enhancements pursuant to section 654.

In August 2022, defendant filed a petition for resentencing under section 1172.6. The court denied the petition as to count 2, but it found the petition set forth a prima facie case for relief as to count 1 and issued an order to show cause. After hearing the evidence and argument, the court denied the petition, and defendant appealed.

On appeal, defendant contends the court erred at the evidentiary hearing by admitting evidence of a probation report, risk assessment, and parole hearing transcript. We disagree with defendant's contentions. The

---

[1] All further statutory references are to the Penal Code.

[2] A co-defendant was jointly charged in count 1, and the information only alleged firearm enhancements as to defendant.

court did not err by admitting the risk assessment or parole hearing transcript, and any error in admitting the probation report was harmless. We accordingly affirm the postjudgment order.

STATEMENT OF FACTS

I.

DEFENDANT'S GUILTY PLEA AND PETITION FOR RESENTENCING

As the factual basis for his guilty plea on count 1, defendant stated: "On September 15, 1994[,] I with [co-defendant] killed a human being with implied malice."

In his petition for resentencing, defendant averred: "1. A complaint, information, or indictment was filed against me that allowed the prosecution to proceed under a theory of felony murder, murder under the natural and probable consequences doctrine or other theory under which malice is imputed to a person based solely on that person's participation in a crime, or attempted murder under the natural and probable consequences doctrine. [Citation.] [¶] 2. I was convicted of murder, attempted murder, or manslaughter following a trial or I accepted a plea offer in lieu of a trial at which I could have been convicted of murder or attempted murder. [Citation.] [¶] 3. I could not presently be convicted of murder or attempted murder because of changes made to Penal Code §§ 188 and 189, effective January 1, 2019."

The court found defendant's petition set forth a prima facie case for relief on count 1 and issued an order to show cause.

II.

THE PEOPLE'S BRIEF AND EXHIBITS

In February 2024, the People filed a response to defendant's petition for resentencing. The response attached several exhibits, including,

inter alia, a probation report, a risk assessment, a 2009 parole hearing transcript, and a 2022 petition for writ of habeas corpus.

## III.

### THE EVIDENTIARY HEARING

In March 2024, the court held an evidentiary hearing. At the outset, defendant's counsel objected to use of the probation report, risk assessment, parole hearing transcript, and habeas petition. The court excluded the habeas petition but admitted the other exhibits.

Defendant then testified as a witness. He testified he encountered an African American male near a McDonald's in September 1994. He observed the victim in a physical altercation with someone else. Defendant asked what was going on, and the victim punched defendant in the face. They then ran in opposite directions. Defendant claimed he heard a sound that could have been a gunshot, and he denied firing a gun. Defendant was an "active skinhead" at the time.

Although he pleaded guilty to the murder and to personally using a firearm, defendant testified he was innocent and agreed to the plea deal because he wanted a lower sentence. He also acknowledged he admitted shooting the victim at his parole hearing. But he testified he did so because he "stuck to the script that [he] was told . . . to say." He likewise "[p]ossibly" told the risk assessment interviewer he had shot the victim. But he again testified he did not shoot the victim. He further retracted a statement he had made to two individuals after the shooting that he "'shot that nigger.'"

After hearing from the parties, the court denied defendant's petition. The court explained there was "sufficient evidence to prove beyond a reasonable doubt that [defendant] can be found guilty . . . of murder under the current law." Defendant filed a timely notice of appeal.

## DISCUSSION

Defendant argues the court erred by admitting as evidence the probation report, risk assessment, and parole hearing transcript. For the reasons *infra*, the court did not err by admitting the risk assessment and parole hearing transcript. Any error in admitting the probation report was harmless.

## I.

### APPLICABLE LAW AND STANDARD OF REVIEW

Relief under section 1172.6 is restricted to those convicted of murder "under a theory of felony murder, murder under the natural and probable consequences doctrine or other theory under which malice is imputed to a person based solely on that person's participation in a crime . . . ." (*Id.*, subd. (a)(1).) If a defendant makes a prima facie case for relief, the trial court must issue an order to show cause and hold a hearing to determine whether to vacate the murder conviction, recall the sentence, and resentence on any remaining counts. (*Id.*, subds. (c) & (d)(1).)

The burden of proof is on the prosecution to prove beyond a reasonable doubt the defendant is ineligible for resentencing. (§ 1172.6, subd. (d)(3).) Section 1172.6, subdivision (d)(3), which governs the conduct of evidentiary hearings following an order to show cause, provides: "The admission of evidence in the hearing shall be governed by the Evidence Code, except that the court may consider evidence previously admitted at any prior hearing or trial that is admissible under current law, including witness testimony, stipulated evidence, and matters judicially noticed." (*Ibid.*) Preliminary hearing testimony is admissible as prior testimony, but hearsay evidence admitted via Proposition 115 (i.e., admitted under section 872, subdivision (b)) is not admissible unless an exception to the hearsay rule

5

applies. (*Ibid.*) "The prosecutor and the petitioner may also offer new or additional evidence to meet their respective burdens." (*Ibid.*)

To determine if a trial court properly denied a section 1172.6 petition after an evidentiary hearing, "'"'we review the factual findings for substantial evidence and the application of those facts to the statute de novo.'"'" (*People v. Arnold* (2023) 93 Cal.App.5th 376, 383.) We review the court's admission of evidence for abuse of discretion. (*People v. Duran* (2022) 84 Cal.App.5th 920, 927–928.)

II.

THE COURT PROPERLY ADMITTED THE PAROLE HEARING TRANSCRIPT AND RISK ASSESSMENT

As defendant acknowledges, other appellate courts have held trial courts may consider parole hearing transcripts and risk assessment reports at section 1172.6 evidentiary hearings. (*People v. Duran, supra,* 84 Cal.App.5th at p. 927 ["It is well settled that a parole risk assessment report, including a defendant's statements in that report, falls within the ambit of '"new or additional evidence"'"]; *People v. Mitchell* (2022) 81 Cal.App.5th 575, 586 ["parole hearing transcripts are proper evidence in this setting"]; *People v. Myles* (2021) 69 Cal.App.5th 688, 703 (*Myles*) [trial court did not err by admitting a parole risk assessment report and parole hearing transcript].)

Despite the above case law, defendant relies on *People v. Coleman* (1975) 13 Cal.3d 867 (*Coleman*) and the dissent in *People v. Mitchell, supra,* 81 Cal.App.5th 575 to argue "[i]t would be unfair to . . . penalize . . . defendants for simply exercising [their] right" to present evidence at their parole hearing. He insists a "section 1172.6 evidentiary hearing is materially the same as a criminal bench trial." We disagree.

In *Coleman*, our Supreme Court "held a defendant's statement from a probation revocation proceeding could not be used against him by the prosecution to lighten its burden of proof at trial." (*Myles, supra*, 69 Cal.App.5th at p. 705.) Because a defendant "should not be compelled to choose between the privilege against self-incrimination at trial and the exercise of the right to be heard at a probation revocation hearing[,]" the court created an exclusionary rule whereby "a probationer's revocation hearing testimony is inadmissible during the prosecution's case-in-chief." (*Ibid.*)

As other courts have held, *Coleman* and use immunity principles do not apply in section 1172.6 resentencing proceedings. "The Fifth Amendment privilege against self-incrimination protects persons from being compelled by "'governmental coercion'" to serve as witnesses against themselves in "'any *criminal case.*'"" (*Myles, supra*, 69 Cal.App.5th at p. 705.) A section 1172.6 hearing ""'is not a trial *de novo* on all the original charges.'"" (*Ibid.*) Instead, it is ""'a *postconviction* proceeding'"" and an ""'act of lenity'"" by the Legislature. (*Id.* at pp. 705–706.) Because defendant chose to participate in the risk assessment interview and testify at the parole hearing, "it is not fundamentally unfair to admit that information during a resentencing proceeding voluntarily initiated by defendant bearing on some of the same issues." (*Id.* at p. 706; *see also People v. Zavala* (2024) 105 Cal.App.5th 366, 374 ["use immunity should not be extended to bar the use of a defendant's statements in a comprehensive risk assessment and testimony at a parole hearing in a later evidentiary hearing held under section 1172.6"].)

Finally, defendant complains the parole hearing "had as a factual basis the probation report's summary of the alleged facts, a summary based

7

on hearsay." This does not render the transcripts or defendant's admissions at the hearing inadmissible.

In short, we agree with the other appellate courts that have addressed this issue and conclude the trial court did not err by admitting the risk assessment and parole hearing transcript.

### III.

#### ANY ERROR IN ADMITTING THE PROBATION REPORT WAS HARMLESS

Defendant also contends the court erred by admitting the probation report because it "contained unreliable, multiple layers of hearsay[,]" including statements from police reports, witnesses, defendant, and his co-defendant. The Attorney General concedes "hearsay statements contained in the probation report cannot form the basis for denying" a section 1172.6 petition at the evidentiary hearing. But the Attorney General argues defendant suffered no prejudice.

We agree the trial court could not consider hearsay statements in the probation report. (§ 1172.6, subd. (d)(3) [admissibility of evidence is governed by the Evidence Code]; *People v. Owens* (2022) 78 Cal.App.5th 1015, 1026 ["absent some exception, hearsay contained in probation [reports] . . . are not now admissible" at section 1172.6 hearings].) However, admission of this evidence did not prejudice defendant. We evaluate any error in the admission of evidence at a section 1172.6 evidentiary hearing under the harmless error standard set forth in *People v. Watson* (1956) 46 Cal.2d 818. (*Myles*, *supra*, 69 Cal.App.5th at p. 706.) We accordingly must determine whether it was "reasonably probable that a result more favorable to defendant would have been reached" had the evidence not been admitted and considered. (*Watson*, at p. 837.) Here, a more favorable result was not reasonably probable because there was other evidence that defendant

8

admitted to being the shooter. Indeed, at the parole hearing, defendant described the altercation and admitted he shot the victim. To the extent defendant attempted to recant those admissions at the evidentiary hearing, the trial court impliedly found the testimony was not credible. We defer to that credibility determination. (*People v. Oliver* (2023) 90 Cal.App.5th 466, 482.)

For these reasons, any error in admitting the probation report was harmless.

## DISPOSITION

The postjudgment order is affirmed.

SANCHEZ, ACTING P. J.

WE CONCUR:

DELANEY, J.

SCOTT, J.